UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOMNICKI FAMILY LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No: 04 C 6582 |
| CITY OF ELMHURST, a municipal corporation; REAL PROPERTIES - 275 N. YORK, LLC and JEFF BUDGELL, jointly and individually; THOMAS BORCHERT and BRUCE DUBIEL, in their individual capacities as employees of the City of Elmhurst, | ) ) ) ) ) ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Lomnicki Family LLC, filed suit in Illinois state court against Defendants, the City of Elmhurst, Real Properties - 275 N. York, LLC; Jeff Budgell, Thomas Borchert; and Bruce Dubiel. Plaintiff raises a number of claims, including claims for an unlawful taking of property without due process or just compensation pursuant to 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Motion to Disqualify Attorneys Kenneth Kubiesa and Scott Day and the Law Firms of Kubiesa, Spiroff, Gosselar & Acker, P.C. and Day and Roberts, P.C. Kubiesa and his firm represent the City of Elmhurst, Borchert, and Bruce Dubiel, while Day and his firm represent Real Properties - 275 N. York, LLC and Jeffrey Budgell.

## BACKGROUND

Plaintiff owns the property at issue in Elmhurst, Illinois. The City of Elmhurst and Plaintiff entered into a Memorandum of Understanding; thereafter, the City took possession of

the property for use as a municipal parking lot. After the City of Elmhurst possessed the property for a number of years, Plaintiff sought to remove the City from the premises. The City of Elmhurst refused to surrender possession and, instead, allowed Real Properties and Budgell to begin developing the property.

Thereafter, on December 11, 2003, Plaintiff filed an action in chancery in State Court for possession, which raised the issue of the Memorandum of Understanding and obtained possession through a preliminary injunction against the City of Elmhurst. However, the appellate court reversed, holding that the trial court did not have subject matter jurisdiction to issue the preliminary injunction because Plaintiff was required to file a claim under the Forcible Entry and Detainer Act, 735 ILCS 5/9-101. The Appellate Court returned possession to the City of Elmhurst.

On remand, Plaintiff filed a new action under the Detainer Act and moved for summary judgment against the City of Elmhurst. The state court denied Plaintiff's motion for summary judgment and found that the Memorandum of Understanding constituted a lease. (City of Elmhurst Ex. B ¶¶ 1-2; City of Elmhurst Ex. C, Tr. Of Dec. 14, 2004, at 17, 19, 21-22).

On September 20, 2004, while the Forcible Entry and Detainer action was still pending, Plaintiff filed an amended complaint in the state chancery action adding claims under 42 U.S.C. § 1983, alleging that the City of Elmhurst acted under the color of law in: (1) seizing and allowing Real Properties to develop the property and (2) taking the property without providing Plaintiff just compensation. Plaintiff also asserted a § 1983 claim against Real Properties and

Budgell for conspiring with the City of Elmhurst to deprive Plaintiff of its rights. The amended complaint was then removed to federal court on October 12, 2004. On January 25, 2005, Plaintiff filed the motion to disqualify.

## ANALYSIS

Plaintiff seeks to disqualify Kubiesa, Day, and their firms from representing their clients pursuant to ABA Model Code of Professional Responsibility and Discipline Rule 5-102 and Local Rule 85.53, both as to issues involving possession and the Memorandum of Understanding and the § 1983 claims. These rules provide as follows:

> (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue the representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR-101(B) (1) through (4).
>
> (B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness other than on behalf of his client, he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client.

Model Code Rule 5-102.

> (a) A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify:
>
> (1) if the testimony will relate to an uncontested matter;
>
> (2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;
>
> (3) if the testimony will relate to the nature and value of legal services rendered in the case by the lawyer or the firm to the client; or

3

(4) as to any other matter, if refusal to act as an advocate would work a substantial hardship on the client.

(b) If a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client.

(c) Except as prohibited by LR83.51.7 or LR83.51.9, a lawyer may act as advocate in a trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as a witness, and nothing in this rule shall be deemed to prohibit a lawyer barred from acting as advocate in a trial or evidentiary proceedings from handling other phases of the litigation.

Local Rule 85.53.

Defendants argue that the instant motion is untimely, unnecessary in light of the state court's finding that the Memorandum of Understanding constituted a lease, and unfounded on the merits. Plaintiff, as the moving party, bears the burden of demonstrating that disqualification of an attorney's testimony is necessary and appropriate. *United States* ex rel. *Cericola v. Ben Franklin Bank*, No. 99 C 6311, 2003 WL 21476020, at *3 (N.D. Ill. June 23, 2003) (*Cericola*).

"A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion." *Kafka v. Truck Ins. Exchange*, 19 F.3d 383, 386 (7th Cir. 1994). Plaintiff knew of the purported facts relating to the disqualification on the issue of the Memorandum of Understanding before the case was filed in state court in December 2003 and litigated there until October 2004. In light of this history, Plaintiff's motion to disqualify counsel cannot be said to be timely regarding the issue of the Memorandum of Understanding.

The § 1983 claims were not added until September 2004. According to Plaintiff, the attorneys possess necessary information to substantiate the § 1983 claims. Specifically, Plaintiff contends that Kubiesa will provide testimony that: (1) Defendants took actions against Plaintiff

4

based on his statement that the Memorandum of Understanding was a lease, (2) the City believed it did not have legal authority to seize the property, (3) the City of Elmhurst believed it had a right to assign the property to third parties, and (4) the City conspired with Real Properties and Budgell to deprive Plaintiff of its rights. Plaintiff contends that Day's testimony is also necessary because he will corroborate the conspiracy dealings between Kubiesa, on behalf of the City of Elmhurst, and himself, on behalf of Real Properties and Budgell.

Local Rule 83.53.7(b) provides that "[i]f a lawyer knows or reasonably should know that the lawyer may be called as a witness other than on behalf of the client, the lawyer may act as an advocate in a trial or evidentiary proceeding unless the lawyer knows or reasonably should know that the lawyer's testimony is or may be prejudicial to the client." "As to the necessity of counsel's testimony, an attorney who participates in a case should not be called as a witness absent extraordinary circumstances or compelling reasons and where the evidence is not easily available from other sources." *Cericola*, 2003 WL 21476020, at *3.

Here, Plaintiff has not met its burden in demonstrating that Defendants' attorneys' testimony is necessary regarding the § 1983 claims. The same is true as to the Memorandum of Understanding issues if the motion in that regard was timely. Also, as to both the § 1983 claims and the Memorandum of Understanding, Plaintiff has not demonstrated that, with respect to this case, evidence is not available from other sources, such as other City of Elmhurst officers and that any purported testimony would be on **behalf** of the client, Local Rule 85.53(a), or **prejudicial** to the client pursuant to Local Rule 85.53(b).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Disqualify is denied.

Date: February 15, 2005

JOHN W. DARRAH, Judge
United States District Court