# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOMNICKI FAMILY LLC, an Illinois limited liability company, ) ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | No: 04 C 6582 |
| CITY OF ELMHURST, a municipal corporation; REAL PROPERTIES - 275 N. YORK, LLC and JEFF BUDGELL, jointly and individually; THOMAS BORCHERT and BRUCE DUBIEL, in their individual capacities as employees of the City of Elmhurst, ) ) ) ) ) ) ) ) ) ) | Judge John W. Darrah |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Lomnicki Family LLC, filed suit in Illinois state court against Defendants, the City of Elmhurst; Real Properties - 275 N. York, LLC ("Real Properties"); Jeff Budgell; Thomas Borchert; and Bruce Dubiel. Plaintiff sought and obtained a preliminary injunction against the City of Elmhurst and Real Properties which was subsequently vacated by the state appellate court. Plaintiff then alleged a number of claims under 42 U.S.C. § 1983, and Defendants removed the action to this Court. Presently before the Court are the City of Elmhurst's and Real Properties' verified petitions for damages for the entry of the preliminary injunction under 735 ILCS 5/11-110.

## BACKGROUND

Plaintiff owns the property at issue in Elmhurst, Illinois. The City of Elmhurst and Plaintiff entered into a Memorandum of Understanding; thereafter, the City took possession of

the property for use as a municipal parking lot. After the City of Elmhurst possessed the property for a number of years, Plaintiff sought to remove the City from the premises. The City of Elmhurst refused to surrender possession and, instead, allowed Real Properties to begin developing the property.

Thereafter, Plaintiff filed an action in chancery in state court for possession which raised the issue of the effect of the Memorandum of Understanding. On January 6, 2004, Plaintiff obtained possession through a preliminary injunction, which contained an expiration date of May 30, 2004, against the City of Elmhurst and Real Properties. Real Properties and the City of Elmhurst timely appealed. Also, on May 13, 2004 and May 20, 2004, Real Properties and the City of Elmhurst, respectively, filed motions seeking leave to file petitions for damages pursuant to 735 ILCS 5/11-110 in the event the preliminary injunction order was dissolved.

On June 29, 2004, the appellate court vacated the judgment of the trial court, holding that the trial court did not have subject matter jurisdiction to issue the preliminary injunction because Plaintiff was required to file a claim under the Forcible Entry and Detainer Act, 735 ILCS 5/9-101. The Appellate Court returned possession to the City of Elmhurst.

On August 26, 2004, the City of Elmhurst and Real Properties filed their petitions for damages pursuant to 735 ILCS 5/11-110. On September 20, 2004, while the Forcible Entry and Detainer action was still pending, Plaintiff filed an amended complaint in the state chancery action adding claims under 42 U.S.C. § 1983, alleging that the City of Elmhurst acted under the color of law in: (1) seizing and allowing Real Properties to develop the property and (2) taking the property without providing Plaintiff just compensation. Plaintiff also asserted a § 1983 claim against Real Properties for conspiring with the City of Elmhurst to deprive Plaintiff of its rights.

The amended complaint was then removed to federal court on October 12, 2004, and jurisdiction obtained over the state claims pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367. The City of Elmhurst and Real Properties subsequently filed the instant motions.

## ANALYSIS

The City of Elmhurst and Real Properties both seek to recover damages for the entry of the preliminary injunction under 735 ILCS 5/11-110. That provision provides that:

> In all cases where a temporary restraining order or a preliminary injunction is dissolved by the circuit court or the reviewing court, the circuit court, after the dissolution of the temporary restraining order or preliminary injunction and before disposing of the action shall, upon the party claiming damages by reason of such temporary restraining order or preliminary injunction, filing a petition under oath setting forth the nature and amount of damages suffered, determine and enter judgment in favor of the party who was injured by such temporary restraining order or preliminary injunction for the damages which the party suffered as a result thereof, which judgment may be enforced as other judgments for the payment of money.

Plaintiff argues that damages should not be granted because: (1) 735 ILCS 5/11-110 is a procedural statute that, pursuant to the *Erie* doctrine, is inapplicable in federal courts, *Official Aviation Guide Co. v. Am. Aviation Assocs., Inc.*, 162 F.2d 541, 543 (7th Cir. 1947) (*Official Aviation Guide Co.*); *Progressive Steel Workers Union v. Int'l Harvester Corp.*, 70 F.R.D. 691 (N.D. Ill. 1946); (2) the Appellate Court's finding that the trial court lacked subject matter jurisdiction did not determine whether the preliminary injunction was wrongfully issued; (3) before the expiration of the preliminary injunction, the City of Elmhurst and Real Properties failed to preserve their rights to recover damages by failing to file a motion to dissolve the protective order in the trial court; and (4) the preliminary injunction was not dissolved – rather, the judgment of the trial court was only vacated.

3

Under 28 U.S.C. § 1441(c),

> [w]hen ever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of this title is joined with one or more non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Similarly, under 28 U.S.C. § 1367(c),

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of state law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

These statutes permit district courts to remand state-law claims, *Key Outdoor, Inc. v. City of Galesburg*, 327 F.3d 549, 550 (7th Cir. 2003); and courts may raise this issue *sua sponte*, *Schwartz v. Sys. Software Assocs., Inc.*, 813 F. Supp. 1364, 1368 (N.D. Ill. 1993).

The resolution of this matter presents a complex issue of state law, particularly as to the exact nature and effect of the Appellate Court's ruling.

Illinois law clearly predominates the issues presented in the damages petition, as Illinois law is the only applicable source of law for resolution of these issues. The Illinois courts, which have dealt with all the issues relating to the preliminary injunction, are the more appropriate forum to interpret the scope and effect of the ruling at issue which presents a novel or complex issue of Illinois law.

Moreover, this matter involves an issue of Illinois procedure, *e.g.*, *Official Aviation Guide Co.*, 162 F.2d at 543, which the Illinois courts are in a better position to resolve.

Furthermore, the issues presented in the petitions for damages have no relation to the claims in the Amended Complaint which conferred federal jurisdiction. Lastly, it appears that an action in Forcible Entry and Detainer is still pending between the parties regarding the subject property in the Illinois court.

Based on a consideration of the factors of 28 U.S.C. § 1367(c) and the facts of this case, it would not be proper to exercise supplemental jurisdiction over this claim in federal court.

## CONCLUSION

For the foregoing reasons, the City of Elmhurst's and Real Properties' verified petitions for damages are both denied without prejudice. Pursuant to 28 U.S.C. §§ 1367(c) and 1441(c), this claim is remanded to the Illinois courts.

Dated: May 11, 2005

JOHN W. DARRAH
United States District Judge