# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LOMNICKI FAMILY LLC, an Illinois limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No: 04 C 6582 |
| CITY OF ELMHURST, a municipal corporation; REAL PROPERTIES - 275 N. YORK, LLC and JEFF BUDGELL, jointly and individually; THOMAS BORCHERT and BRUCE DUBIEL, in their individual capacities as employees of the City of Elmhurst, | ) ) ) ) ) ) ) ) ) | Judge John W. Darrah |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, the Lomnicki Family LLC, filed suit in Illinois state court against Defendants, the City of Elmhurst; Real Properties - 275 N. York, LLC; Jeff Budgell; Thomas Borchert; and Bruce Dubiel. As more fully set out below, Plaintiff obtained a preliminary injunction against the City of Elmhurst and Real Properties that was vacated by the state appellate court. Plaintiff then filed an amended complaint, alleging an unlawful taking of property without due process or just compensation pursuant to 42 U.S.C. § 1983; and the Defendants removed the case to this Court.

Presently before the Court are three motions to dismiss: (1) Defendants' Real Properties - 275 N. York LLC and Jeff Budgell ("the Budgell Defendants") Motion to Dismiss Counts VI - X

1

of Plaintiff's First Amended Complaint; (2) Motion to Dismiss Defendant Jeff Budgell as a Party Plaintiff; and (3) Defendants', City of Elmhurst, Thomas Borchert, and Bruce Dubiel's, Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to 12(b)(6).

## LEGAL STANDARD

Generally, in reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (*Capitol Leasing*). A plaintiff is generally not required to plead the facts or elements of a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

## BACKGROUND

*Pre-litigation History*

The facts, for the purposes of this motion, are taken as true from Plaintiff's First Amended Complaint, the documents attached to the Complaint, and the state court rulings in this case.[1]

---

[1] If, on a Rule 12(b)(6) motion, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56; and all parties shall be given reasonable opportunity to present all

2

Plaintiff owns the property at issue, which is located in Elmhurst, DuPage County, Illinois. The City of Elmhurst and Plaintiff entered into a Memorandum of Understanding; thereafter, the City leased the property for use as a municipal parking lot.[2] After the City of Elmhurst was in possession of the property for a number of years, Plaintiff sought to remove the City from the premises. The City of Elmhurst refused to surrender possession and, granted an easement over the property to Real Properties and Budgell for the development of the adjacent property.

*State Court Procedural History*

On December 11, 2003, Plaintiff filed an action in chancery in the Circuit Court of DuPage County, Illinois, for possession, which raised the issue of the Memorandum of Understanding, and obtained possession through a preliminary injunction against the City of Elmhurst. However, the appellate court reversed, holding that the trial chancery court did not have subject matter jurisdiction to issue the preliminary injunction because Plaintiff was required

---

material made pertinent to such a motion by Rule 56. However, a court may look to matters of public record in deciding a Rule 12(b)(6) motion without converting the motion into one for summary judgment; and a court ordinarily may treat documents from prior state court adjudications as public records. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Further, courts may examine "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993); *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002). In light of these principles, this Court considered these matters without converting the motion to one for summary judgment.

[2]  The Plaintiff disputes the fact that the possession of the property constituted a lease. While, all well-pleaded facts are accepted as true and are construed in favor of the plaintiff, the Court is not obliged to accept as true legal conclusions or unsupported conclusions of fact. *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). Here, the Plaintiff's contention that the property relationship was not lessor/lessee, is unsupported as a matter of fact. As a result, for purposes of this motion, this Court deems this to be a lease.

3

to file a claim under the Forcible Entry and Detainer Act, 735 ILCS 5/9-101. The Appellate Court returned possession of the property to the City of Elmhurst.

On remand, Plaintiff filed a new action under the Forcible Entry and Detainer Act in Circuit Court, DuPage County, Illinois, and moved for summary judgment against the City of Elmhurst. That court denied Plaintiff's motion for summary judgment and, *inter alia,* found *de novo* that the Memorandum of Understanding constituted a lease. (City of Elmhurst Ex. B ¶¶ 1-2; City of Elmhurst Ex. C; Tr. Of Dec. 14, 2004, at 17, 19, 21-22).

On September 20, 2004, while the Forcible Entry and Detainer action was still pending, Plaintiff filed an amended complaint in the state chancery action, adding claims under 42 U.S.C. § 1983, alleging that the City of Elmhurst acted under the color of law in: (1) seizing and allowing Real Properties to develop the property and (2) taking the property without providing Plaintiff just compensation. Plaintiff also asserted a § 1983 claim against Real Properties and Budgell for conspiring with the City of Elmhurst to deprive Plaintiff of its rights. The amended complaint was then removed to federal court on October 12, 2004.

## ANALYSIS

*Federal Claims: Fifth Amendment Claims*

The Budgell Defendants claim that Plaintiff's claims under the Fifth Amendment should be dismissed. They assert that where a property owner in Illinois is claiming a taking, seizure, or deprivation of his property without due process of law, state law provides a remedy in the form of an inverse condemnation action that must first be asserted in state law, citing *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson County*, 473 U.S. 172, 192-95 (1985) (*Williamson County*) for this proposition. *Williamson County* imposes significant

ripeness and forum selection requirements on Fifth Amendment taking claims. First, "the government entity charged with implementing the regulations [must have] reached a final decision regarding the application of the regulations to the property at issue." 473 U.S. at 186. Second, plaintiffs must have sought "compensation through the procedures provided by the State for obtaining such compensation." 473 U.S. at 195. Both the final decision and compensation elements must be ripe before the claim is justiciable. Here, the Plaintiff failed to seek compensation through the State procedures; and as a result, under the two-prong test, its Fifth Amendment claims are barred due to the ripeness doctrine.[3]

*Federal Claims: Fourth and Fourteenth Amendment*

The Budgell Defendants contend that the ripeness doctrine in *Williamson County* would also limit the Plaintiff's ability to recover on its Fourth Amendment claims. While the Defendants do not dispute the Plaintiff's contention that the ripeness doctrine has not been applied to claims arising out of the Fourth Amendment, the Budgell Defendants submit that the Plaintiff's claims regarding the regulation of the property are essentially Fifth Amendment claims dressed in Fourth Amendment clothing. The Defendants cite *River Park, Inc. v. City of Highland*

---

[3] There is also a condemnation proceeding pending in the Illinois court in DuPage County filed by the City regarding the subject property. The Plaintiff claims the pendency of this action obviates his right to file a claim or counterclaim for inverse condemnation in state court and cites *Bryon Dragway, Inc. v. County of Ogle*, 326 Ill. App. 3d 70, 73 (2nd Dist. 2001) and *Warner/Elektra/Atlantic Corp. v. County of DuPage*, 991 F.2d 1280 (7th Cir. 1993). However, in *Bryon Dragway*, the court held that "inverse condemnation describes the manner in which a landowner recovers compensation for a taking of its property when condemnation proceedings have not been instituted." 326 Ill.App.3d at 73. That case does not hold that the filing of an eminent domain action *prevents* the filing of an inverse condemnation action. The Seventh Circuit's opinion in *Warner/Elektra/ Atlantic Corp.* does not reach a contrary conclusion. The Plaintiff, therefore, is not prohibited from seeking "compensation through the procedures provided by the State for obtaining such compensation." *Williamson County*, 473 U.S. at 195.

*Park*, 23 F.3d 164, 166-67 (7th Cir. 1994) (*River Park*) in support of this proposition. In *River Park*, a zoning case, the court warned "that a property owner may not avoid *Williamson* by applying the label 'substantive due process' to the claim. So too with the label 'procedural due process.' Labels do not matter." *River Park, Inc.*, 23 F.3d at 167. The court added: "A person contending that state or local regulation of the use of land has gone overboard must repair to state court. In *Williamson* state litigation would fix the compensation payable for a taking; when the claim depends on the due process clause, state litigation may supply that process. . . . This is not because the owner must 'exhaust' state remedies . . . rather the idea in zoning cases is that the due process clause permits municipalities to use political methods to decide, so that the only procedural rules at stake are those local law provides, and these rules must be vindicated in local courts." *River Park, Inc.*, 23 F.3d at 167. While the specific facts may vary from the case before this Court, the reasoning and the purposes served in those opinions are controlling here. The issues raised by Plaintiff's amended complaint must be addressed in state court.

### *State Law Claims*

In this case, the jurisdiction of this Court over the remaining state law claim was based on supplemental jurisdiction, 28 U.S.C. § 1367 (a). The "general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims rather than resolving them on the merits." *Wright v. Associated Insurance Co.*, 29 F.3d 1244 (7th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted as to Counts I - VI, stating claims under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's state law claims are remanded to state court without prejudice, pursuant to 28 U.S.C. § 1447.

Date: January 31, 2006

JOHN W. DARRAH
United States District Court Judge